IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| Pratt Holding Company, LLC, | ) ) | Case No. 24-10819 (KBO) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| Pratt Industries, LLC, | ) ) | Case No. 24-10820 (KBO) |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| W. Pratt Leasing, L.L.C., | ) ) | Case No. 24-10821 (KBO) |
| Debtor. | ) ) | |

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
TO EMPLOY KLEHR HARRISON HARVEY BRANZBURG LLP
AS COUNSEL TO THE CHAPTER 7 TRUSTEE EFFECTIVE AS OF JUNE 9, 2024**

Alfred T. Giuliano, as the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors") herby applies to this Court for the entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing the Trustee to employ Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") as counsel to the Trustee (the "Application"). In support of this Application, the Trustee submits the declaration of Morton R. Branzburg, a partner at Klehr Harrison (the "Branzburg Declaration"). In further support of this Application, the Trustee respectfully states as follows.

11041172.v2

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). The Trustee confirms his consent, pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4. On April 17, 2024 (the "Petition Date"), each of the Debtors filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases").

5. On or about the Petition Date, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Trustee as the interim trustee to the estates of the Debtors.

6. The statutory first meeting of creditors under section 341 of the Bankruptcy Code was held and concluded on June 5, 2024 and the Trustee is now the permanent trustee of the Debtors' estates.

## RELIEF REQUESTED

7. By this Application, the Trustee seeks the entry of the Order authorizing the retention and employment of Klehr Harrison as counsel to the Trustee.

8. The Trustee requested that Klehr Harrison begin performing services prior to June 9, 2023, and Klehr Harrison actually did begin performing services on that date, however, the Trustee is seeking effectiveness of the Klehr Harrison retention thirty days prior to filing this Application – June 9, 2024. Accordingly, the Trustee is requesting that the employment of Klehr Harrison be authorized as of that date.

## KLEHR HARRISON'S QUALIFICATIONS

9. The Trustee seeks authorization to employ Klehr Harrison as counsel to provide services to the extent necessary and as requested by the Trustee in connection with the matters described herein.

10. Klehr Harrison is a recognized, full-service firm with bankruptcy, corporate, environmental, real estate, tax, labor, finance, and commercial litigation capabilities. Moreover, Klehr Harrison is well-qualified to represent the Trustee, as Klehr Harrison's bankruptcy and restructuring department has considerable experience in similar matters.

## SERVICES TO BE PROVIDED

11. The Trustee currently seeks to retain Klehr Harrison, subject to Court approval, as follows:

    (a) to advise and consult with the Trustee concerning questions arising in the conduct of the administration of the estate and concerning the Trustee's rights and remedies with regard to the estates' assets and

    the claims of secured, priority and unsecured creditors and other parties in interest;

(b) to advise and consult with the Trustee concerning the sale or other disposition of any assets of the estates;

(c) to advise and appear for, prosecute, defend and represent the estate's interests in contested matters, adversary proceedings, and other actions arising in or related to these Bankruptcy Cases

(d) to investigate and pursue claims or causes of action against insiders and third parties;

(e) to assist in the preparation of such pleadings, agendas, motions, notices, and orders as are required for the orderly administration of the estates; and

(f) to handle such other matters as the Trustee may require during the course of his administration of these Bankruptcy Cases.

12. Klehr Harrison will seek to fulfill its role as counsel to the Trustee in the manner that is expected of all counsel practicing before the Courts of the State of Delaware and the federal courts in the District of Delaware, including the United States Bankruptcy Court for the District of Delaware.

## PROFESSIONAL COMPENSATION

13. In accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to Klehr Harrison on an hourly basis, plus reimbursement of actual and necessary expenses incurred by Klehr Harrison, as set forth in the Branzburg Declaration. The hourly rates and corresponding rate structure Klehr Harrison will use in these Bankruptcy Cases are the same as the hourly rates and corresponding rate structure that Klehr Harrison uses in other bankruptcy and restructuring matters, as well as similar complex corporate, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.

14. Klehr Harrison's current hourly rates for matters related to these Bankruptcy Cases range as follows:

11041172.v2

| Billing Category | Range of Hourly Rates |
|---|---|
| Partners | $550.00 to $1,100.00 |
| Counsel | $475.00 to $605.00 |
| Associates | $360.00 to $560.00 |
| Paralegals | $305.00 to $375.00 |

15. Klehr Harrison's hourly rates are set at a level designed to compensate Klehr Harrison fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions.

16. Klehr Harrison intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

17. Subject to approval by the Court, and in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, the Trustee proposes to pay Klehr Harrison its customary hourly rates in effect from time to time, as set forth in the Branzburg Declaration, and submits that such rates are reasonable. Additionally, the Trustee proposes to reimburse Klehr Harrison for expenses incurred on behalf of the Trustee and these estates.

## KLEHR HARRISON DISINTERESTEDNESS

18. The Trustee believes that the employment of Klehr Harrison as counsel in these Bankruptcy Cases is in the best interests of the estates and their creditors. The Trustee believes, based upon Branzburg Declaration, which is attached hereto, that Klehr Harrison is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors and the Debtors' estates, and is well-qualified to perform the legal services required by the Trustee on behalf of the estates.

19. Klehr Harrison will review its files periodically during the pendency of these Bankruptcy Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Klehr Harrison will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## NOTICE

20. The Trustee will provide notice of this Application to (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) any party that requested service pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

21. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and authorizing the employment of Klehr Harrison as counsel to the Trustee effective as of June 9, 2024 and (b) and granting such other relief as is just and proper.

                              Respectfully Submitted,

Dated: July 9, 2024                         */s/ Alfred T. Giuliano*
                                          Name: Alfred T. Giuliano
                                          Title:   Chapter 7 Trustee

11041172.v2